## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-22098-MOORE/Elfenbein

IN RE DARRELL FINLEY,

_____/

## REPORT AND RECOMMENDATION DISMISSING CASE

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.  On March 27, 2026, Plaintiff Darrell Finley ("Plaintiff") filed the Complaint in this case.  ECF No. [1].  The Honorable K. Michael Moore, District Judge, referred this case to me pursuant to 28 U.S.C. § 636 to "take all necessary and proper action as required by law regarding" the "Order (Complaint) for Appointment of Receiver," ECF No. [1].  *See* ECF No. [4].  For the reasons stated herein, I respectfully **RECOMMEND** that Plaintiff's Amended Complaint, **ECF No. [6]**, be **DISMISSED without prejudice for lack of subject-matter jurisdiction**.

## I.      INTRODUCTION

Plaintiff filed the Complaint in the instant case on March 27, 2026, requesting relief under 28 U.S.C. § 754.  *See* ECF No. [1].  After reviewing the Complaint, the undersigned surmised that the Court may lack subject-matter jurisdiction over this lawsuit.  For that reason, and because Plaintiff is proceeding *pro se*, the undersigned gave him a chance to establish, if possible, that the Court has subject-matter jurisdiction over the Complaint.  *See* ECF No. [5]; *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Bank of New York Mellon v. Bazile*, No. 24-CV-60328, 2024 WL 5433074, at *1 (S.D. Fla. May 30, 2024); *cf. Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018).  Specifically, the Court ordered Plaintiff to show cause why the Court should not dismiss this action for lack of subject-matter jurisdiction by highlighting any basis for subject-matter jurisdiction, or filing an Amended Complaint that

properly asserts the basis for subject-matter jurisdiction with facts supporting such claims. *See* ECF No. [5] at 3. The Court ordered Plaintiff to do so by April 15, 2026. Plaintiff complied with the Order and timely filed an Amended Complaint. *See* ECF No. [6]. However, upon reviewing the Amended Complaint, the basis for subject-matter jurisdiction under 28 U.S.C. § 754 remains unclear and there are no facts alleged supporting such basis, including providing a receivership order.

Additionally, Plaintiff appears to be seeking relief from judgment for property associated with a case before the Circuit Court of the Eleventh Judicial Circuit of Miami-Dade County, *U.S. Bank Tr. Nat'l Ass'n v. Finley*, No. 2024-004954-CA-01 (Fla. 11th Cir. Ct. Mar. 19, 2024) (the "State Court Case") in the Amended Complaint. *See* ECF No. [6] at 3-4; *see U.S. Bank Tr. Nat'l Ass'n.*, No. 2024-004954-CA-01 at DE [120]. According to the State Court Case docket, of which this Court takes judicial notice, the Miami-Dade Sherriff's Office executed a writ of possession effectuating eviction against Plaintiff on April 4, 2026, at 2350 NW 18th St. Miami, Gardens, Florida 33057. *See U.S. Bank Tr. Nat'l Ass'n.*, No. 2024-004954-CA-01 at DE [120]. This address is for the same property implicated in Plaintiff's Amended Complaint. *See* ECF No. [6] at 3-4. Plaintiff alleges that the equitable claim at the heart of the Amended Complaint is grounded in constructive possession, equitable doctrine of trust preservation, prevention of unjust enrichment, and equity. *See id*. at 5. Based on the State Court Case and information regarding the real property implicated in the Amended Complaint, Plaintiff is effectively requesting this Court to provide appellate review of the State Court Case decision to execute the writ and evict him. *See id*; *U.S. Bank Tr. Nat'l Ass'n.*, No. 2024-004954-CA-01 at DE [120].

## II.    LEGAL STANDARD

District courts have original jurisdiction if the case contains a federal question, *see* 28

2

U.S.C. § 1331, or the parties are completely diverse and meet the amount-in-controversy requirement, *see* 28 U.S.C. § 1332(a); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The "party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Because "[f]ederal courts are courts of limited jurisdiction," they "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts "should inquire into whether" they have "subject matter jurisdiction at the earliest possible stage in the proceedings," and they must do so "*sua sponte* whenever it may be lacking." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

Under Federal Rule of Civil Procedure 12(h), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The United States Supreme Court has long held that the *Rooker–Feldman* doctrine bars federal district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). Federal district courts may not review or annul final state-court judgments; such review lies exclusively with the respective state court's appellate procedures and the United States Supreme Court. *See id*. When this doctrine applies, the federal case must be dismissed for lack of subject-

matter jurisdiction. *See id*.

In the Eleventh Circuit, courts routinely apply this narrow but firm bar. "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)). "A claim is 'inextricably intertwined' if it would 'effectively nullify' the state court judgment, or [if] it 'succeeds only to the extent that the state court wrongly decided the issues.'" *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). Stated differently, "[a] claim that at its heart challenges the state court decision itself — and not the statute or law which underlies that decision — falls within the doctrine because it 'complain[s] of injuries caused by state-court judgments' and 'invite[s] . . . review and rejection of those judgments.'" *Id*. (quoting *Exxon*, 544 U.S. at 284).

## III.   DISCUSSION

Dismissal for lack of subject-matter jurisdiction is required here because the Amended Complaint does not cure the defects the undersigned pointed out in the Order to Show Cause — that no facts have been alleged supporting jurisdiction under 28 U.S.C. § 754. *See* ECF No. [5] at 2. Indeed, Plaintiff no longer references this statute in the Amended Complaint, mentioning it only in passing in the original Complaint. *Compare* ECF No. [1] *with* ECF No. [6]. But to the extent he relies on 28 U.S.C. § 754 as the basis for federal question jurisdiction, the Court finds that he has failed to properly invoke jurisdiction under this statute. Section 754 provides as follows:

> *A receiver appointed in any civil action or proceeding* involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.

Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754 (emphasis added).

Here, Plaintiff has not alleged or otherwise provided any evidence indicating that he has been appointed a receiver over the real property that is at issue — the property located at 2350 NW 18th St., Miami, Gardens, Florida 33057.  And without such an appointment, Plaintiff cannot invoke the Court's subject-matter jurisdiction under Section 754.  *See United States Sec. & Exch. Comm'n v. Drive Plan., LLC*, No. 24-CV-03583-VMC, 2025 WL 1805796, at *3 (N.D. Ga. June 30, 2025) (explaining that the district court "has subject matter jurisdiction over this proceeding [pursuant to 28 U.S.C. § 754] regarding estate property *by virtue of the Receivership Order*" ) (emphasis added); *Wiand v. Adamek*, No. 21-CV-360-JLB-CPT, 2024 WL 477661, at *4 (M.D. Fla. Jan. 19, 2024), *report and recommendation adopted*, No. 21-CV-360-JLB-CPT, 2024 WL 553481 (M.D. Fla. Feb. 12, 2024) (explaining that, pursuant to 28 U.S.C. § 754, the district court has subject-matter jurisdiction over the claims because the receiver, who was appointed in an SEC proceeding, filed the lawsuit to carry out the tasks assigned to him).  Given Plaintiff's failure to provide any order appointing him as the receiver over the real property at issue or to otherwise allege facts demonstrating the existence of such an appointment, Plaintiff has failed to establish that this Court has subject-matter jurisdiction under 28 U.S.C. § 754.  *See* Kokkonen, 511 U.S. at 377; *Ruhrgas AG*, 526 U.S. at 583; *Univ. of S. Ala.*, 168 F.3d at 410; *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

Similarly, dismissal for lack of subject-matter jurisdiction is required under Rule 12(h)(3) because the relief Plaintiff seeks is, in substance, an appellate attack on the outcome of the proceedings in the Circuit Court of the Eleventh Judicial Circuit of Miami-Dade County regarding the real property in question and Plaintiff's eviction. The basis for Plaintiff's allegations in the Amended Complaint indicates that the real property has been "presumed abandoned or subjected to constructive conversion due to a lack of appearance by a competent, living claimant acting in a fiduciary or beneficial capacity." *See* ECF No. [6] at 4. Plaintiff alleges that the abandonment has resulted in an "unmerited legal presumption of escheat, dormancy, or state agency," thus triggering his claims. *See id*. He asks for preservation of res, prevention of unlawful conversion, and to correct the record to reflect a competent and living claimant. *See id*. The Amended Complaint asks this Court to effectively undo the state-court determination of execution of the writ of possession and eviction. *See generally* ECF No. [6]; *U.S. Bank Tr. Nat'l Ass'n.*, No. 2024-004954-CA-01 at DE [120].

The proper avenue to challenge the execution of the writ of possession and eviction is through the state appellate review process — not through an original action in federal district court. The Court lacks subject-matter jurisdiction because the requested relief would require this Court to review, modify, or invalidate the state-court writ of possession and eviction determinations, and because Plaintiff does not allege any other basis for subject-matter jurisdiction. Dismissal is, therefore, mandated under Rule 12(h)(3).

## IV.   CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that Plaintiff's Amended Complaint, **ECF No. [6]**, **be DISMISSED without prejudice for lack of subject-matter jurisdiction**.

Case 1:26-cv-22098-KMM   Document 9   Entered on FLSD Docket 04/30/2026   Page 7 of 7

CASE NO. 26-CV-22098-MOORE/Elfenbein

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore. Failure to timely file objections shall bar the Parties from a *de novo* determination by Judge Moore of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on April 29, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

**Darrell Finley**
2350 NW 184th St.
Miami Gardens, FL 33056
*PRO SE*

7